IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

GEICO INDEMNITY COMPANY and
GEICO CASUALTY COMPANY,

                Plaintiffs,

           v.

MARKRYAN PORTILLO, JAIME
POTRILLO, GERALD BUCKEY, WILLIAM
MECHAM, ESTATE OF AUSTIN LONG,
and KEVIN LONG,

                Defendants.

Case No. 3:12-cv-00109-TMB

**ORDER**

Plaintiffs Geico Indemnity Company ("Geico Indemnity") and Geico Casualty Company ("Geico Casualty") (together "Plaintiffs") move for summary judgment in their action for a declaration that Defendants are not entitled to coverage.[1] Defendants did not file a response in opposition.[2] For the reasons stated below, Plaintiffs' motion to dismiss is **GRANTED.**

**I.    BACKGROUND**

This is an action brought by Plaintiffs to declare that no insurance coverage exists under either insurance policy because the Defendants were racing at the time of the accident. Any potential coverage arises out of an October 21, 2011 fatal three-car collision on the Near Island Bridge between the city of Kodiak and Near Island.[3]

---

[1] Dkt. 67.

[2] *See* Docket.

[3] Dkt. 67-2 at 3.

1

The Fred Zharoff Memorial Bridge is a two-lane bridge with designated northbound and southbound lanes separated by a double yellow line.[4] William Mecham ("Mecham") stated that as the parties turned onto the bridge, Markryan Portillo ("Portillo") slowed down and turned on his hazard lights.[5] Mecham stated that turning on his hazards, along with going very slow and dropping into gear, was a clear signal to race.[6] Mecham was driving a red 1995 Honda Civic heading south in the northbound lane of the bridge alongside Portillo.[7] Portillo was driving a white 1998 Acura Integra heading south in the southbound lane of the bridge.[8]

As they were driving across the bridge, Mecham, driving in the oncoming traffic lane, saw headlights.[9] He then applied his brakes and attempted to pull behind Portillo and avoid the oncoming vehicle.[10] But Portillo also braked, causing Mecham to hit Portillo's rear tire and forcing the front end of Portillo's vehicle to spin into the oncoming traffic lane.[11] At that point, a 1993 Chevrolet pickup driven by Monica McFarland (McFarland), which was traveling north in the northbound lane, struck Portillo's Acura.[12] The impact of the Chevrolet with the Acura rotated the Acura and caused it to strike the west wall of the bridge approximately 42 feet from

---

[4] Dkt. 67-3 at 1.

[5] Dkt. 67-5 at 14.

[6] *Id.* at 14 – 16.

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*; Dkt. 67-3 at 2.

[12] Dkt. 67-3 at 2.

the initial impact.[13] McFarland abandoned her Chevrolet approximately 836 feet north of the point of impact.[14] Mecham and his passenger, Kevin Long, were not injured and left the scene.[15] Portillo and his passenger, Austin Long, were transported to the hospital after the accident.[16] Austin Long was pronounced dead at the hospital.[17]

Mecham admitted that he and Portillo were racing when the accident occurred.[18] Portillo has not admitted to racing. Jaime Portillo, the policy holder and Portillo's father, discussed the accident in a recorded conversation taken by Geico Indemnity Company shortly after the accident.[19] Jaime Portillo said that his son told him they were racing when the accident occurred.[20] The Kodiak Police Department's investigation also concluded that the parties were racing at the time of the accident.[21]

Mecham and Portillo were later each indicted by the grand jury on charges of second-degree murder and first-degree assault.[22] During the grand jury's investigation, Kevin Long

---

[13] *Id.*

[14] *Id.*

[15] Dkt. 67-2 at 7.

[16] *Id.* at 4.

[17] Dkt. 67-9 at 1.

[18] Dkt. 67-5.

[19] Dkt. 67-19.

[20] *Id.* at 67-19 at 3. The transcript of Jaime Portillo's relevant statement reads "what really happened and he told me that you know there like the the racing something like that . . . and then all of a sudden a truck incoming . . ." *Id.*

[21] Dkts. 67-2, 67-3, 67-4.

[22] Dkt. 67-6.

testified that they were racing immediately prior to the accident.[23] Mecham later plead guilty to criminally negligent homicide and second-degree assault.[24] Portillo plead guilty to criminally negligent homicide and third-degree assault.[25] At Portillo's sentencing, the Superior Court for the State of Alaska stated twice that Mecham and Portillo were drag racing at the time of the accident.[26]

## II.  LEGAL STANDARD

Summary judgment is appropriate where, viewing the evidence in the light most favorable to the nonmoving party,[27] "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[28] "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the same evidence were to be uncontroverted at trial."[29] The non-moving party must then "respond . . . by setting out specific facts showing a genuine issue for trial."[30] Where no motion in opposition to summary judgment

---

[23] Dkt. 67-9 at 3.

[24] Dkt. 67-20 at 4.

[25] Dkt. 67-21 at 5-6.

[26] Dkt. 67-22 at 2, 4.

[27] *Hooper v. Cnty. of S.D.*, 629 F.3d 1127, 1129 (9th Cir. 2011) (citation omitted).

[28] Fed. R. Civ. P. 56(a).

[29] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation omitted).

[30] *Id.* at 324.

is filed, the Court will not grant the motion unless "satisfied that there are no disputed issues of material fact and that the moving party is entitled to the decision is a matter of law."[31]

In assessing whether there is a genuine dispute as to any material fact, materiality depends on "which facts are critical and which are irrelevant" under the substantive law governing a claim.[32] A "genuine" dispute is one where there is enough evidence for a reasonable jury to "return a verdict for the non-moving party."[33] The court must accordingly determine whether there is sufficient evidence supporting the alleged factual dispute to require the trier of fact "to resolve the parties' differing versions of the truth at trial."[34]

### III. DISCUSSION

Plaintiffs argue that Portillo and Mecham are not entitled to coverage under their policies because both policies contain provisions excluding from coverage injuries and damages arising from street racing.[35] Neither Portillo nor Mecham filed an opposition.[36]

A. Racing Exclusions

In Alaska, "[t]he obligations of insurers are generally determined by the terms of their policies."[37] Courts interpret the terms of the policy to determine whether the insured could have

---

[31] D.Ak. L.R. 7.1(e)(2).

[32] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[33] *Id.*

[34] *T.W. Elec. Serv., Inc., v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citations omitted).

[35] Dkt. 68 at 1.

[36] Portillo requested and received an extension of time to respond to Plaintiffs' motion for summary judgment, yet he never filed a response. *See* Dkts. 73, 74, 75.

[37] *Bering Strait Sch. Dist. v. RLI Ins. Co.*, 873 P.2d 1292, 1294 (Alaska 1994).

reasonable expected coverage under their policy.[38] "In order to determine the reasonable expectations of the parties, we look to 1) the language of the disputed policy provisions; 2) the language of other policy provisions; 3) relevant extrinsic evidence; and 4) case law interpreting similar provisions."[39]

Here, the relevant insurance policies each contain exclusions prohibiting coverage for injuries and damages arising from racing. The Geico Indemnity Policy No. 4230-19-05-16 issued to Jamie Portillo, which covers the Acura driven by Portillo at the time of the accident, bars coverage of "bodily injury or property damages caused by an auto driven in or preparing for any racing, speed, or demolition contest or stunting activity of any nature, whether or not prearranged or organized."[40] The Portillo policy also excludes under the Physical Damages portion of the policy "any loss caused by participation in or preparing for any racing, speed, or demolition context or stunting activity or any nature, whether or not prearranged or organized."[41] Similarly, the Policy also contains a racing exclusion under the uninsured and underinsured motorist section of the policy that states "coverage does not apply to any damage caused by insured's participation in or preparation for any racing, speed, or demolition contest . . ."[42] The Geico Casualty Policy No. 4177-72-55-30, which covers the Honda driven by Meachem, contains the same racing exclusions.[43]

---

[38] *Id.* at 1294-95.

[39] *State Farm Fire & Cas. Co. v. Bongen*, 925 P.2d 1042, 1047 (Alaska 1996).

[40] Dkt. 67-15 at 2-7.

[41] *Id*. at 21.

[42] *Id.* at 22-23.

[43] Dkt. 67-16 at 20-23.

Thus, the relevant policy provisions clearly exclude coverage for injuries or damages incurred while the insureds were racing. There are no conflicting provisions in the policies that suggest that coverage should be available when the parties were racing. Further, there is no extrinsic evidence that suggests that the parties had a reasonable expectation of being insured while racing. Thus, the Court looks to case law interpreting similar provisions to determine whether or not the parties had a reasonable expectation of being insured under the circumstances.[44]

This Court is not aware of any Supreme Court of Alaska cases upholding an insurance policy's racing exclusion.[45] However the Supreme Court of Alaska's decision in *Morgan v. Fortis Benefits Ins. Co.*, which held that an intoxication exclusion precluded a motorist from accidental death and dismemberment coverage, is instructive.[46] There, the insured's policy provided that no coverage existed if the loss stemmed either directly or indirectly from the insured's intoxication.[47] The court upheld summary judgment in favor of the insurance company over the objection that the insured's accident could have been caused by factors other than intoxication, finding that "the only reasonable conclusion to be drawn from the evidence in this case is that [insured's] accident was at least indirectly caused by her intoxication."[48] The court also noted that the insured was "entitled to all reasonable inferences at the summary judgment stage, but without any admissible evidence suggesting an alternative cause for the accident . . . it

---

[44] *See Bongen* at 1947.

[45] Plaintiffs did not notify the Court of any such cases nor did the Court locate any cases.

[46] 107 P.3d. 267 (Alaska 2005).

[47] *Id.* at 270.

[48] *Id.* at 268.

is not reasonable to infer that the intoxication exclusion does not apply."[49] Thus, in the absence of contrary case law interpreting the racing exclusion and the clarity of the racing exclusion in the policies, the Court finds that the Defendants did not have a reasonable expectation of coverage while racing.

B.  Whether or not the Defendants were racing

The Court has concluded that the racing exclusions in the insurance policies are valid. Therefore, the question is whether or not the Defendants were racing. Mecham has confessed he was racing.[50] Thus, no coverage exists under the Geico Casualty Company which insured the Honda he was driving. However, Portillo denied that he was racing in his answer to the Plaintiffs' Complaint.[51] Thus, the Court examines whether or not the Plaintiffs have put forth sufficient evidence to establish that no genuine issue of material fact exists as to whether or not Portillo was racing at the time of the accident.

Here, Mecham testified that he and Portillo were racing at the time of the accident. Kevin Long, Mecham's passenger at the time of the accident, states that the parties were racing. Portillo told his own father that he was racing at the time of the accident. The Kodiak Police Department's lengthy investigation concluded that Mecham and Portillo racing caused the accident. Further, the Superior Court for the State of Alaska, Third Judicial District at Kodiak, concluded after reviewing sealed presentence investigation reports that Portillo was racing at the time of the accident. Accordingly, Plaintiffs have put forth sufficient evidence,that if uncontroverted at trial, would entitle it to a directed verdict. Neither Portillo nor Mecham have

---

[49] *Id.* at 271.

[50] Dkt. 67-18 at 3.

[51] Dkt. 43.

8

put forth any evidence to suggest that there are disputed issues of material fact. Accordingly, the Court finds that the Plaintiffs' motion for summary judgment is granted. Because the Court concludes that the Plaintiffs are entitled to a declaration that no coverage exists because the accident was caused by Mecham and Portillo's racing, the Court need not consider whether or not the Policy insuring the Honda driven by Mecham covered him as an insured.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for summary judgment (at Dkt. 67) is **GRANTED**.

Dated at Anchorage, Alaska, this 13th day of March, 2014.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
U. S. DISTRICT JUDGE